United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALI QASEM SALEH ASAAD,<br><br>                Plaintiffs,<br>v.<br><br>ERIC HOLDER, JANET NAPOLITANO, TIMOTHY AITKEN,<br><br>                Defendants. | Case No.: 10-CV-05537-LHK<br><br>ORDER TO SHOW CAUSE |

Petitioner Asaad, a citizen of Yemen, seeks a writ of habeas corpus under 28 U.S.C. § 2241 restraining Immigration and Customs Enforcement (ICE) from deporting him pending a ruling on his motion to reopen deportation proceedings that is currently before the Board of Immigration Appeals (BIA). Petitioner moves on the ground that deporting him while his appeal is pending would violate (1) INA § 240(b)(4)(B), 8 U.S.C. § 1229a(b)(4)(B) (requiring that an alien in removal proceedings be given a reasonable opportunity to prove his case); (2) 8 C.F.R. § 1240.1(c) (same); (3) Procedural Due Process under the Fifth Amendment to the United States Constitution; and (4) the Convention Against Torture.

I.     BACKGROUND

Petitioner alleges as follows. A final order of removal has been issued against Petitioner. Pet'n ¶ 4. As a result, Petitioner alleges that he is in constructive custody because he must report to the ICE Field Office in Bakersfield, California every month. *Id.* Petitioner filed an administrative

1

Case No.: 10-CV-05537-LHK
ORDER TO SHOW CAUSE

appeal of the initial removal order with the BIA. Pet'n ¶ 21. On March 25, 2005, the BIA dismissed the administrative appeal and affirmed the Immigration Judge's removal order. *Id.* Petitioner then appealed the BIA's decision to the Ninth Circuit Court of Appeals. Pet'n ¶ 22. On April 24, 2007, the Ninth Circuit denied the petition on the ground that substantial evidence supported the BIA's decision. *Id.* Throughout these proceedings, Petitioner was represented by Mr. Singh, an attorney. In June, 2006, Petitioner met with new counsel, Mr. Leichty, who advised him that he had a claim for ineffective assistance of counsel based on Mr. Singh's representation in Petitioner's initial removal proceedings and on appeal at the BIA. On August 30, 2007, Mr. Leichty filed a motion to reopen removal proceedings with the BIA on Petitioner's behalf. Pet'n ¶ 24. On April 8, 2008, the BIA denied Petitioner's motion to reopen on the basis that it was untimely. Pet'n ¶ 28. Petitioner sought review of this decision by the Ninth Circuit, but the Ninth Circuit denied the petition for review on the ground that Petitioner failed to establish that he acted with due diligence. Pet'n ¶ 30.

In October, 2010, Petitioner consulted with his current counsel, who filed a second motion to reopen with the BIA based on ineffective assistance of counsel. Pet'n ¶ 31. Petitioner's second motion was based on both Mr. Singh and Mr. Leichty's representation. *Id.* Petitioner asked the BIA to stay his deportation until the BIA acts on the motion to reopen. Pet'n ¶ 33. The BIA has not ruled on Petitioner's request for a stay of deportation. *Id.* Petitioner argues that even though the BIA has not yet acted on his motion for a stay, this Court should issue a stay because "waiting for the BIA's decision as to the stay would prejudice Petitioner because the indefinite timeframe for administrative action would cause unreasonable delay." Pet'n ¶12. Petitioner argues that if he is deported before the BIA rules on his motion to reopen, his motion to reopen would be automatically withdrawn pursuant to 8 C.F.R. § 1003.2(f).

II. DISCUSSION

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus if the petitioner "is in custody under or by color of the authority of the United States." 28 U.S.C. § 2241. The district

2

Case No.: 10-CV-05537-LHK
ORDER TO SHOW CAUSE

1  courts have jurisdiction to review denials of stay requests pending motions to reopen immigration

2  proceedings. *Blancada v. Turnage,* 891 F.2d 688, 689 (9th Cir. 1989).

3  A district court shall "award the writ or issue an order directing the respondent to show

4  cause why the writ should not be granted, unless it appears from the application that the applicant

5  or person detained is not entitled thereto." 28 U.S.C. § 2243.

6      B.  Petitioner's Claims

7  Petitioner claims that his deportation should be stayed until the BIA has considered his

8  motion to reopen the immigration proceedings. As set forth above, Petitioner's motion to reopen is

9  based on additional allegations of ineffective assistance of counsel which have not yet been

10  considered by the BIA. Liberally construed, Petitioner's claim appears colorable under § 2241 and

11  merits an answer from Respondent.

12  **III.  CONCLUSION**

13      1.  The Clerk shall serve by mail a copy of this Order, the petition and all attachments

14  thereto, upon the Respondents and the Respondent's attorney, the United States Attorney for the

15  Northern District of California.

16      2.  The Court finds that in light of the fact that Petitioner has already unsuccessfully

17  appealed the deportation order against him twice, there is good cause to extend the time for

18  Respondent to respond to the Petition under 28 U.S.C. § 2243. Therefore, Respondent shall file

19  with the Court and serve on Petitioner, within **twenty (20) days** of the date this Order is filed, an

20  answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing

21  cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer

22  and serve on Petitioner a copy of all portions of the record of deportation proceedings that have

23  been transcribed previously and that are relevant to a determination of the issues presented by the

24  petition. The Court likewise finds that there is good cause to extend the time for a decision on this

25  matter in order to allow the Petitioner to respond to the answer. If Petitioner wishes to respond to

26  the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within

27  **fifteen (15) days** of the date the answer is filed.

28

3. In lieu of an answer, Respondent may file a motion to dismiss on procedural grounds as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **twenty (20) days** of the date this Order is filed. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **fifteen (15) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **ten (10) days** of the date the opposition is filed. The Court will decide the motion on the papers, and no hearing date will be set.

**IT IS SO ORDERED.**

Dated: May 31, 2011

LUCY H. KOH
United States District Judge

4

Case No.: 10-CV-05537-LHK
ORDER TO SHOW CAUSE